IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FREDERICK HUDDLESTON**     **PLAINTIFF**

v.     **CAUSE NO: 1:22-CV-48-SA-RP**

**COOPER TIRE & RUBBER COMPANY**     **DEFENDANT**

*AND*

**FREDERICK HUDDLESTON**     **PLAINTIFF**

v.     **CAUSE NO. 1:24-CV-1-SA-RP**

**THE GOOD YEAR TIRE & RUBBER COMPANY**
**f/k/a COOPER TIRE AND RUBBER COMPANY**     **DEFENDANT**

ORDER

Now before the Court is the parties' joint request for consolidation of the above-referenced cases. Some background is necessary.

On March 15, 2022, Huddleston filed his first lawsuit against Cooper Tire. In that case, he alleged that Cooper Tire "violat[ed] . . . his rights under Title VII, 42 U.S.C. § 1981, the ADA and the ADEA for retaliation[.]" Cause No. 1:22-CV-48-SA-RP, [1] at p. 1. Huddleston untimely sought to amend his Complaint [1] in that case to add a general discrimination claim. *See* [53]. Notably, Cooper Tire opposed that request. *See* [54]. The Magistrate Judge denied Huddleston's request to amend via an Order [61] entered on June 22, 2023. Cooper Tire appealed the Magistrate Judge's decision pursuant to Rule 72 of the Federal Rules of Civil Procedure. *See* [65]. Cooper Tire again opposed Huddleston's request. *See* [66]. This Court affirmed the Magistrate Judge's ruling on that issue. *See* [69].

On July 27, 2023, the Court entered an Order and Memorandum Opinion [70] granting summary judgment in Cooper Tire's favor and dismissing the case in its entirety. Huddleston then

filed a Motion to Reconsider [72] as to one portion of his lawsuit. The Court ultimately granted that request and reinstated the case. *See* [76]. The case is currently set for trial on November 4, 2024.

On a parallel track, Huddleston filed a separate lawsuit on January 2, 2024. *See generally* Cause No. 1:24-CV-1-SA-RP. In the second lawsuit, Huddleston asserts a general discrimination claim pursuant to 42 U.S.C. § 1981. On March 29, 2024, Cooper Tire filed a Motion to Dismiss [11]. In his supporting Memorandum [12], Cooper Tire argues that "Huddleston's claims are barred by the doctrine of res judicata[.]" [12] at p. 1. That Motion [11] is still pending.

Now, two weeks prior to the scheduled trial in the first lawsuit, the parties seek to consolidate the cases and continue the trial setting. In their joint filing, they reference judicial economy and the need to conserve resources as a basis for the request.

As noted above, Huddleston originally sought to amend his Complaint [1] in the first lawsuit and Cooper Tire opposed that request. Seeking to consolidate these cases now appears to run contrary to Cooper Tire's previous position. It is also noteworthy that the motions deadline in the first lawsuit has long passed. The Court has already held a pretrial conference and the trial is now less than two weeks away. The parties have provided no explanation as to why this relief was not sought sooner.

Rule 42 of the Federal Rules of Civil Procedure authorizes a district court to consolidate actions pending before it. FED. R. CIV. P. 42(a). The Rule provides that a court *may* "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id*. "The Court has broad discretion in determining whether and to what extent to consolidate cases." *Necaise v. May*, 2023 WL 379739, at *2 (S.D. Miss. Jan. 24, 2023) (citing *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704

F.3d 413, 432 (5th Cir. 2013) ("The trial court's managerial power is especially strong and flexible in matters of consolidation.")).

Utilizing its broad discretion, the Court finds that consolidation is not appropriate. The parties have provided no basis for consolidation other than general overarching arguments in their short joint filing. The first lawsuit has been pending for a significant period of time, and the Court sees no need to further delay the trial. Ultimately, there is no basis for consolidation. The parties' request is DENIED. The first lawsuit will proceed to trial on November 4, 2024, as previously scheduled. The Court will rule on the Motion to Dismiss [11] in the second lawsuit in due course.

SO ORDERED, this the 23rd day of October, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE